UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON RANSOM,<br><br>        Plaintiff,<br><br>    v.<br><br>LARRY BROWN, et al.,<br><br>        Defendant. | No. 2:17-cv-01439-MCE-GGH<br><br><br>ORDER |

      Plaintiff proceeds with this case pro se and in forma pauperis. The complaint was filed on July 12, 2017, ECF No. 1, and on July 24, 2017 the Court issued an Order with regard to service to be made by the United States Marshal's office within 90 days of the issuance of the Order. ECF No. 3. It has come to the court's attention that service has not been effected. Pursuant to Federal Rule of Civil Procedure 4(m) if service is not effected with 90 days of filing the court may dismiss the Complaint without prejudice or, in the alternative, it may reorder service to be made if the delay can be shown to be the result of good cause.

      In this case it appears that plaintiff notified the court of a change of address and the court will presume that the service documents were never delivered to him. In light of this possibility, the court will establish a new period of service but warns that failure to meet the directions of the Order may result in dismissal of this action.

////

1

In light of the foregoing it IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within 90 days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, including a copy of this court's status order, without prepayment of costs;

2. The Clerk of the Court shall send plaintiff one USM-285 form for each named defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and the court's status order;

2. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this Order is filed, all information needed by the Marshal to effect service of process, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons for each defendant;

    b. One completed USM-285 form for each defendant;

    c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

    d. One copy of this court's status order for each defendant; and

    e. One copy of the instant order for each defendant.

3. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

4. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an answer or a responsive motion will not relieve a defendant from the potential obligation to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.

////

////

6. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

Dated: December 4, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE