UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON RANSOM,<br><br>Plaintiff,<br><br>v.<br><br>LARRY BROWN, dba M & M PROPERTY MANAGEMENT, et.al.,<br><br>Defendants. | No. 2:17-cv-01439-MCE-GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

*PROCEDURAL HISTORY*

Plaintiff appears in this matter pro se and in forma pauperis. He filed his complaint on July 12, 2017. ECF No. 1. On July 24, 2017 this court issued an Order finding service to be appropriate, directed the Clerk of the Court to issue all documents necessary to effect service on the defendants through the services of the United States Marshall to the plaintiff, and directed plaintiff to prepare the documents as described and to present them to the United States Marshal within 14 days of the service of the order and to notify the court through a filed statement that he had done so. ECF No. 3. A separate Order directed the U.S. Marshal to effect service within 90 days of the Order. ECF No. 7.

On July 24 the Clerk of the Court issued Summonses for each named defendant directing that they were to answer the complaint within 21 days of being served, ECF No. 4, and issued all new case documents and served them on the plaintiff for his completion in conformity with the

1

court's Order. ECF No. 4. Plaintiff filed nothing with this court to indicate that he has taken any of the steps necessary to effect service on the defendants. Although there is no indication in the record that the documents related to service were returned as "undeliverable," when plaintiff filed a Notice of Change of Address on November 7, 2017, ECF No. 6, the court became concerned that perhaps the service documents have never reached plaintiff.

In light of the foregoing, the court issued another service order on December 4, 2017, directing the same actions that had been ordered on July 24, 2017. ECF No. 7. Again plaintiff was given to supply all necessary service documents to the United States Marshal within 14 days of the issuance of the Order. Id. The Clerk of the Court forwarded all necessary materials to plaintiff on the same day as the Order was served, ECF Nos. 8, 9, and forwarded everything to plaintiff by mail. The plaintiff has taken no action for a second time.

*DISCUSSION*

Federal Rule of Civil Procedure 4(m) states that

> if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure the court must extend the time for service for an appropriate period.

In the present case that 90 day period expired on March 14, 2018 with allowance made for holidays, or 2 months before issuance of this Order. Plaintiff has made no effort to obey this court's order and has given no indication that there is anything preventing him from taking the required steps to move this case along.

The concern here is plaintiff's apparent abandonment of the case. The failure to serve process suggests that this is not a serious case. Federal Rule of Civil Procedure 41(b) holds that "[i]f a plaintiff fails to prosecute or to comply with these rules of a court order" permits a defendant to move to dismiss the action on the ground of failure to prosecute. In this case, however, not having been served, defendant cannot do so. The court, however, can do so under its inherent power but only in extreme circumstances and where it is used "to insure the orderly

administration of justice and the integrity of the court's orders." Halaco Engineering Co. v. Costle, 843 F2d 376, 380 (9th Cir. 1988) *citing* Phoceene Sous-Marine, S.A. v. United States Posmarine, Inc., 682 F.2d 802, 806 (9th Cir. 1982).  Plaintiff, having ignored two court orders, has created the extreme circumstances necessary for the exercise of that power.  The United States Supreme Court has held that the reference to dismissal upon the motion of the opposing party does not preclude action by the judge.

> Neither the permissive language of the Rule – which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.

Link v. Wabash, 370 U.S. 626, 630 (1962).  The Court went on to state that neither prior notice nor a hearing is required for the court to exercise its power.  Id. at 630-631.  Of course in this case the plaintiff was given notice of the potential for this Order were he to disobey the court's rulings.

Plaintiff's refusal to obey this court's orders amounts, in and of itself, as a failure to prosecute.  The Ninth Circuit Court of Appeal has established five factors that bear on the propriety of a court generated dismissal exercising the court's inherent powers in accord with the holding in Link, supra.  In U.S. ex rel. Janssen v. Northrop Grumman Corp., 187 F.3d 649 (1999). Those factors are "(1) the public's interest in expeditious resolution of litigation; (2) the courts need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." 187 F.3d 649 at *1 *citing* Hernandez v. City of El Monte, 138 F.3d393 398 (9th Cir. 1998) *quoting* Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Applying the foregoing factors in this case supports the action being taken.  As to the first consideration, the public's interest in the expeditious resolution of litigation is served, not frustrated, by the action taken here as the given the repeated refusal of the plaintiff to take required actions which itself frustrated that interest as it prevented moving the case toward resolution.  Second, the court cannot efficiently manage a docket when there are cases such as

this one that bring repetitive and fruitless orders to a plaintiff who resists all efforts to guide the case to resolution.  Third, there is no discernible prejudice to the defendants in bring this matter to a conclusion at this point.  Rather they are saved from the time and expense of preparing and filing the inevitable Motion to Dismiss speaking to plaintiff's failure to follow the rules of procedure required in a federal court.  Fourth, the public policy favoring disposition of cases on their merits weighs against the action being taken but only on a surface level insofar as the continued pattern discussed here frustrated the efforts of the court to move the case to disposition on the merits.  Finally, there is no potential for rectifying the problems raised by the plaintiffs' obstinacy insofar as monetary sanctions make no sense when dealing with a pro se appearing in forma pauperis and, in the absence of this action, it appears obvious that the pattern would continue.  This court warned plaintiff that he risked dismissal by continuing the conduct and he chose to ignore the warning.  The court finds that four of the factors strongly favor the action recommended here and the fifth – less drastic alternatives – are not likely to accomplish the purposes of the Rule invoked here.  This court will, therefore, recommend dismissal of the action.

*CONCLUSION*

In light of the foregoing facts and circumstances IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Complaint should be dismissed with prejudice for repeated failure to follow court orders pursuant to Federal Rule of Civil Procedure 41(b) and this court's inherent power;

2. The Clerk of the Court should close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 1, 2018

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE